UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| THE PROFESSIONAL GOLFERS' ASSOCIATION OF AMERICA | Civil Action No. 9:21-cv-82193 |
| Plaintiff, | |
| v. | **COMPLAINT FOR BREACH OF CONTRACT AND UNJUST ENRICHMENT** |
| JTBC PLUS CORPORATION | |
| Defendant. | **JURY TRIAL DEMANDED** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff The Professional Golfers' Association of America (the "PGA"), for its complaint against Defendant JTBC Plus Corporation ("JTBC"), states as follows:

1. This is an action to seek damages for JTBC's failure to pay as agreed for broadcast rights that it received. Although JTBC reaped the benefits of the parties' contract (the "License Agreement"), it failed to pay the PGA what it owed, and has refused to explain why.

2. JTBC contracted for the right to broadcast in South Korea the yearly United States golf tournament known as the PGA Championship (the "PGA Event").

3. It agreed to pay an annual license fee during the years 2017-2021 in exchange for the PGA's grant of such rights.

4. However, in 2021, although it received the exclusive rights granted to it by the PGA, JTBC failed to pay the PGA the full the amount of the annual license fee of US$1,000,000.

5. Pursuant to an amendment of the License Agreement, JTBC paid the PGA part of the 2021 license fee, but has failed to make two further payments of US$350,000 each, totaling US$700,000.  It has ignored repeated requests for payment by the PGA.

## Parties, Jurisdiction, and Venue

6. The PGA incorporates the above allegations as if rewritten herein.

7. This is an action for breach of contract under Florida law or, in the alternative, for redress of unjust enrichment.

8. The PGA is a non-profit corporation organized and existing under the laws of Florida, with its principal place of business in Palm Beach Gardens, Florida. It is in the business of growing the game of golf by enabling golfers and fans to appreciate the game at all levels.

9. On information and belief, JTBC is a South Korean subscription network and broadcasting conglomerate, organized and existing under the laws of South Korea, with its principal place of business located in South Korea.

10. This Court has jurisdiction over this case under 28 U.S.C. § 1332(a)(2), as complete diversity of citizenship exist between the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs.

11. This Court has personal jurisdiction over JTBC because JTBC expressly consented to Florida jurisdiction in the parties' License Agreement.  Further, the License Agreement is expressly governed by Florida law.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(3) because JTBC is subject to this Court's personal jurisdiction, and the License Agreement designates Florida as the proper forum for disputes related to it.  On information and belief, there is no other U.S. judicial

district of which JTBC is a resident or in which a substantial part of the events giving rise to the claims herein occurred.

## Factual Background

13. The PGA incorporates the above preliminary statements and allegations as if rewritten herein.

14. The PGA owns the rights to the broadcast of the PGA Championships and the Official Films for the PGA Championships.

15. On December 12, 2016, the PGA and JTBC entered into the License Agreement. (Because JTBC possesses a copy of the Agreement, no copy of the document is attached.) The PGA signed on that date, and JTBC had signed a few weeks before on November 21, 2016.

16. The License Agreement granted JTBC certain "Designated Rights," which included Television Rights; Broadband Rights associated with www.jtbcgolf and such other URL(s) as the parties may agree in writing; and Mobile Rights.

17. "Events/Programmes" are defined as live coverage of the PGA Championship through the years 2017-2021 and the Official Films for the PGA Championship in the years 2016-2020.

18. "Television Rights" are defined as the right to distribute and broadcast the Programmes by all means of linear broadcast television in South Korea, whether pay or free (including IPTV).

19. "Broadband Rights" are defined as the right to distribute the Programmes to end users in Korea only.

20. "Mobile Rights" are defined in the License Agreement as the right to distribute audiovisual footage of the PGA Events to mobile devices in South Korea.

21. The grant of the Designated Rights was limited to the Licensed Period and only allowed to be used throughout the Licensed Territory of South Korea on an exclusive basis.

22. The Licensed Period, in relation to the Event in each year, was twelve months from the first day of the Event.

23. The Licensed Territory included only the Republic of Korea.

24. The PGA granted JTBC these Designated Rights in consideration of payment of the License Fees and Technical Costs.

25. Pursuant to the License Agreement, the License Fees were due on August 1st of each year.

26. In 2017 the License Fee was US$850,000; in 2018 it was US$870,000; in 2019 it was US$895,000; in 2020 it was US$925,000; and in 2021 it was US$1,000,000.

27. The License Fees were to be paid on a net basis, after deducting the applicable Korean withholding tax, and in conjunction with remittance of any applicable Value Added Tax, so that the PGA would receive the full amount specified after tax.

28. The parties agreed that time of payment was of the essence. In the event of late payment, they agreed that interest would accrue "at the rate of one and one-half percent (1.5%) per month or the maximum amount permitted by the applicable law."

29. In 2019, the PGA Championship was moved from the month of August to May. To reflect this change, the parties amended the License Agreement.

30. On April 1, 2019, the PGA and JTBC signed an amendment to the License Agreement ("First Amendment") which amended the License Agreement so that the annual License Fee became payable by JTBC to the PGA on May 1st of each year of the term, instead of

August 1st.  (Because JTBC possesses a copy of the First Amendment, no copy of the document is attached.)

31.     JTBC fulfilled its payment obligations up until May 1, 2021.

32.     In every year of the License Agreement, including 2021, JTBC received or had the opportunity to receive the Television Rights, the Broadband Rights, and the Mobile Rights.

33.     Indeed, the PGA fully complied with the License Agreement in every respect.

34.     On May 1, 2021, JTBC failed to make the required payment of US$1,000,000 to PGA.

35.     As an accommodation to JTBC, the PGA agreed to amend the License Agreement again on May 19, 2021 ("Second Amendment").  The parties amended the payment terms for the 2021 License Fee as follows: "US$300,000 shall be paid by JTBC on or before May 20, 2021; US$350,000 shall be paid by JTBC on or before May 28, 2021; and US$350,000 shall be paid by JTBC on or before June 11, 2021."  (Because JTBC possesses a copy of the Second Amendment, no copy of the document is attached.)

36.     Following JTBC's acceptance of the payment terms in the Second Amendment, JTBC provided the PGA with a draft variation of the Second Amendment on May 20, 2021.

37.     Even though the Second Amendment was designed and agreed upon as an accommodation to JTBC's payment difficulty, JTBC never bothered to sign it.

38.     The intent to be bound by the Second Amendment is nonetheless clear.  In an email from Seungsoo Chung, on behalf of JTBC, to Casey Morton, on behalf of the PGA, on May 19, 2021, JTBC accepted the PGA's offer to amend the payment terms of the License Agreement so as to allow the payment by JTBC of the 2021 License Fee in the three installments mentioned above.

39. Despite its failure to execute the amendment, JTBC paid the first installment of the Second Amendment of US$300,000 only a few days late, on May 24, 2021.

40. As of the date of this Complaint, JTBC has failed to pay the remaining two installments totaling US$700,000. It ignored a formal letter sent on July 12, 2021, to demand such payment, and provided no assurances that payment would ever be forthcoming.

41. The PGA has performed fully under the License Agreement.

42. As late as early December, 2021, JTBC's "jtbcgolf" website still appeared to provide for its paying customers streaming video on demand relating to the 2021 PGA Championship:



43. JTBC has failed to pay the outstanding sum of US$700,000 by the dates specified in the Second Amendment, or at any time since, and is in material breach of the License Agreement as of May 28, 2021.

44. Alternatively, if the terms of the Second Amendment are not binding, then JTBC is in material breach of the License Agreement, owing the same principal amount, following its failure to pay the 2021 License Fee to the PGA in full by May 1, 2021.

## COUNT ONE: BREACH OF CONTRACT

45. The PGA incorporates the prior allegations in paragraphs 1-44 as if rewritten herein.

46. The License Agreement is a valid and binding agreement.

47. Pursuant to the License Agreement, the PGA granted JTBC certain "Designated Rights," which it fully delivered.

48. Under the License Agreement, JTBC agreed to pay an annual License Fee to the PGA in exchange for the Designated Rights during the years 2017-2021.

49. On May 1, 2021, JTBC failed to pay the License Fee amount of US$1,000,000, as required under the First Amendment.

50. However, JTBC failed to pay the second two installments by the required due dates agreed to under the Second Amendment, which totaled US$700,000.

51. As of the date that this Complaint was filed, JTBC has failed to pay the PGA the outstanding sum of $700,000.

52. As a result, JTBC has materially breached the Second Amendment by failing to pay the remaining two installment payments by the required due dates.

53. In the alternative, JTBC has materially breached the License Agreement by failing to pay in full the 2021 License Fee by May 1, 2021.

54. As a result of JTBC's material breach, the PGA has suffered substantial damage including US$700,000, plus interest, costs, and attorneys' fees.

55. JTBC is liable to the PGA for damages in an amount to be proven at trial, including loss of cash payments of $700,000, plus interest at the agreed rate, costs, and attorneys' fees.

## COUNT TWO: IN THE ALTERNATIVE - UNJUST ENRICHMENT

56. The PGA incorporates the prior allegations in paragraphs 1-44 as if rewritten here, and pleads this Count in the alternative to Count One rather than in addition to it, in case JTBC successfully asserts some as-yet-unidentified basis for the License Agreement to be held invalid.

57. The PGA furnished Designated Rights to JTBC, with full expectation of being paid for them.

58. JTBC knew that the PGA was furnishing such rights and received a permanent benefit therefrom because it received the Rights and broadcasted the PGA Event, without payment to the PGA.

59. JTBC retained the benefit conferred upon it by the PGA, and all the revenue associated with it.

60. JTBC has failed to compensate the PGA for the benefit conferred, despite the PGA's repeated demands.

61. Under the circumstances, it would be inequitable and unjust to allow JTBC to retain the benefit conferred upon it by the PGA without paying for it.

62. JTBC is liable to the PGA for a reasonable proportion of all its revenue associated with the Programmes and Events for the 2021 period, including sublicensing revenue, in an amount to be proven, offset only by $300,000 paid and augmented by all ancillary costs, appropriate interest, and fees.

## Prayer for Relief

In light of the above allegations, the PGA respectfully asks this Court to grant the following relief:

Damages to be proven at trial on all counts, including pre- and post-judgment interest, costs incurred as a result of JTBC's failure to pay under the License Agreement, and contractual payments totaling $700,000;

Any other relief this Court deems just and proper, including an award of costs, interest, and attorney's fees under any applicable law.

Respectfully Submitted,

 /s/ *Nicholas J. Secco*
Nicholas J. Secco
James E. von der Heydt (*pro hac vice* to be filed)
Florida Bar No. 110091
nsecco@beneschlaw.com
BENESCH FRIEDLANDER COPLAN &ARONOFF
333 West Wacker Drive, Suite 1900
Chicago, IL 60606
Telephone: (312) 212-4949
Facsimile: (312) 212-9192
Email: nsecco@beneschlaw.com
          jvonderheydt@beneschlaw.com

*Attorneys for Plaintiff The Professional Golfers' Association of America*

## JURY DEMAND

Plaintiff The Professional Golfers' Association of America respectfully demands a trial by jury on all issues so triable.

                                                   _/s/ *Nicholas J. Secco*_____
                                                   Nicholas J. Secco