IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

THE PROFESSIONAL GOLFERS'
ASSOCIATION OF AMERICA,

    *Plaintiff,*                      Case No. 9:21-cv-82193

vs.                                       **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

JTBC PLUS CORPORATION,

    *Defendant.*

_____/

**ANSWER AND AFFIRMATIVE DEFENSES**

NOW COMES the Defendant, JTBC PLUS CORPORATION, by and through undersigned counsel and files this Answer and Affirmative Defenses to the Complaint filed by Plaintiff The Professional Golfers' Association of America's ("PGA") and states as follows:

1. Paragraph 1 of the Complaint is denied.

2. Paragraph 2 of the Complaint is admitted.

3. Paragraph 3 of the Complaint is admitted.

4. Paragraph 4 of the Complaint is denied.

5. Paragraph 5 of the Complaint is denied.

6. Paragraph 6 of the Complaint does not require an answer.

7. Paragraph 7 of the Complaint does not require an answer. To the extent an answer is required, it is denied.

8. Paragraph 8 of the Complaint is admitted in part and denied in part. Defendant admits that the PGA is a non-profit corporation organized and existing under the

1

laws of Florida, with its principal place of business in Palm Beach Gardens, Florida. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and therefore they are denied.

9. Paragraph 9 of the Complaint is admitted.

10. Paragraph 10 of the Complaint is admitted.

11. Paragraph 11 of the Complaint is admitted for jurisdictional purposes only. The remainder of the allegations is denied.

12. Paragraph 12 of the Complaint is admitted for venue purposes only. The remainder of the allegations is denied.

13. Paragraph 13 of the Complaint does not require an answer.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 14 of the Complaint and on that basis, it is denied.

15. Paragraph 15 of the Complaint is admitted.

16. Paragraph 16 of the Complaint is admitted.

17. Paragraph 17 of the Complaint is admitted.

18. Paragraph 18 of the Complaint is admitted.

19. Paragraph 19 of the Complaint is admitted.

20. Paragraph 20 of the Complaint is admitted.

21. Paragraph 21 of the Complaint is admitted.

22. Paragraph 22 of the Complaint is admitted.

23. Paragraph 23 of the Complaint is admitted.

24. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 24 of the Complaint and on that basis, it is denied.

25. Paragraph 25 of the Complaint is admitted.

26. Paragraph 26 of the Complaint is admitted.

27. Paragraph 27 of the Complaint is admitted.

28. Paragraph 28 is denied except as to what is stated in the License Agreement.

29. Paragraph 29 of the Complaint is admitted.

30. Paragraph 30 of the Complaint is admitted.

31. Paragraph 31 of the Complaint is denied.

32. Paragraph 32 of the Complaint is denied.

33. Paragraph 33 of the Complaint is denied.

34. Paragraph 34 of the Complaint is denied.

35. Paragraph 35 of the Complaint is denied except as to what is stated in the document referred to as Second Amendment.

36. Paragraph 36 of the Complaint is denied.

37. Paragraph 37 of the Complaint is denied.

38. Paragraph 38 of the Complaint is denied except as to what is stated in the referenced email.

39. Paragraph 39 of the Complaint is denied.

40. Paragraph 40 of the Complaint is denied.

41. Paragraph 41 of the Complaint is denied.

42. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 and on that basis, it is denied.

43. Paragraph 43 of the Complaint is denied.

44. Paragraph 44 of the Complaint is denied.

45. Paragraph 45 of the Complaint does not require an answer.

46. Paragraph 46 of the Complaint is admitted.

47. Paragraph 47 of the Complaint is denied.

48. Paragraph 48 of the Complaint is denied except as to what is stated in the License Agreement.

49. Paragraph 49 of the Complaint is denied.

50. Paragraph 50 of the Complaint is denied.

51. Paragraph 51 of the Complaint is denied.

52. Paragraph 52 of the Complaint is denied.

53. Paragraph 53 of the Complaint is denied.

54. Paragraph 54 of the Complaint is denied.

55. Paragraph 55 of the Complaint is denied.

56. Paragraph 56 of the Complaint does not require an answer.

57. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 57 of the Complaint and on that basis, it is denied.

58. Paragraph 58 of the Complaint is denied.

59. Paragraph 59 of the Complaint is denied.

60. Paragraph 60 of the Complaint is denied.

61. Paragraph 61 of the Complaint is denied.

62. Paragraph 62 of the Complaint is denied.

63. Defendant denies that Plaintiff is entitled to any relief in its Prayer for Relief.

64. Any allegation in the Complaint not specifically admitted to herein is denied.

## AFFIRMATIVE DEFENSES

65. As its First Affirmative Defense, Defendant alleges that Plaintiff failed to ensure a continuous live feed of the Events/Programmes promised under the License Agreement and therefore its claims are barred for breach of contract.

66. As its Second Affirmative Defense, Defendant alleges that Plaintiff misrepresented the economic value of the Designated Rights which resulted in economic losses for Defendant and therefore Plaintiff's claims are barred under the doctrine of equitable estoppel.

67. As its Third Affirmative Defense, Defendant alleges that Plaintiff acted in bad faith during the Parties' negotiations for contract renewal and therefore Plaintiff's claims are barred by the doctrine of unclean hands.

68. As its Fourth Affirmative Defense, Defendant alleges that Plaintiff's claims are barred because the purpose of the License Agreement was frustrated due to an unforeseen event.

69. As its Fifth Affirmative Defense, Defendant alleges that Plaintiff was unjustly enriched at the expense of Defendant and therefore Plaintiff's claims are barred.

70. As its Sixth Affirmative Defense, Defendant alleges that Plaintiff suffered no

damages and therefore its claims are barred.

71. As its Seventh Affirmative Defense, Defendant alleges that Plaintiff's claims are barred due to its failure to mitigate damages.

72. Defendant reserves the right to supplement or amend this Answer, including the right to add further affirmative defenses.

Dated: March 7, 2022                                                        Respectfully submitted,

/s/ David A. Roberts
David A. Roberts
FL Bar N. 0041629
HALL, GILLIGAN, ROBERTS & SHANLEVER LLP
4987 E. Co. Hwy 30A
Santa Rosa Beach, FL 32459
Telephone: 850-213-0604
Email: droberts@hgrslaw.com


/s/ Jinhee Kim
Jinhee Kim (*pro hac vice to be filed*)
Somin Jun (*pro hac vice to be filed*)
Mary A. Kosman (*pro hac vice to be filed*)
JIPYONG LLC
26F, Grand Central, 14 Sejong-daero
Jung-gu, Seoul 04527, Korea
Telephone: 82-2-6200-1782
Facsimile: 82-2-6200-0823
Email: jinheekim@jipyong.com
          smjun@jipyong.com
          marykosman@jipyong.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY on this 7th day of March 2022 that a true and correct copy of the foregoing was served via the CM/ECF system upon all counsel of record listed on the attached Service List.

                    /s/ David A. Roberts

## SERVICE LIST

**United States District Court for the Southern District of Florida
Case No. 9:21-cv-82193**

**PGAA v. JTBC**

Nicholas J. Secco
James E. von der Heydt (*pro hac vice to be filed*)
BENESCH FRIEDLANDER COPLAN & ARONOFF
333 W. Wacker Dr., Suite 1900
Chicago, IL 60606
Tel: (312) 212-4949
Fax: (312) 212-9192
Email: nsecco@beneschlaw.com
         jvonderheydt@beneschlaw.com

*Attorneys for Plaintiff*