**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 9:21-cv-82193**

THE PROFESSIONAL GOLFERS'
ASSOCIATION OF AMERICA,

        Plaintiff,

v.

JTBC PLUS CORPORATION,

        Defendant.

_____

**THE PARTIES' SCHEDULING CONFERENCE REPORT AND DISCOVERY PLAN**

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1, The Professional Golfers' Association of America ("Plaintiff") and JTBC Plus Corporation ("Defendant," collectively the "Parties") jointly propose the following scheduling dates:

1. **Litigation Track:** The Parties recommend that the case be assigned to the Standard Case Management Track.

2. **Scheduling Report**

    a. THE LIKELIHOOD OF SETTLEMENT:

    The Parties are discussing settlement, and expect initial numbers to be communicated in the coming weeks.

    b. THE LIKELIHOOD OF APPEARANCE IN THE ACTION OF ADDITIONAL PARTIES:

    No other parties are anticipated.

    c. PROPOSED TIME LIMITS:

    The Parties propose the following time limits and deadlines:

        (i) A deadline of **April 25, 2022** to amend the pleadings and join other parties without leave of Court;

15537613 v6

   (ii) A deadline of **September 15, 2022** to complete fact discovery.

d. PROPOSALS FOR THE FORMULATION AND SIMPLIFICATION OF ISSUES, INCLUDING THE ELIMINATION OF FRIVOLOUS CLAIMS OR DEFENSES, AND THE NUMBER AND TIMING OF MOTIONS FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT:

Summary judgment may be appropriate, with each party filing no more than one motion no later than December 1, 2022.

e. THE NECESSITY OF AMENDMENTS TO THE PLEADINGS:

None expected.

f. THE POSSIBILITY OF OBTAINING ADMISSIONS OF FACT AND OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION OR THINGS WHICH WILL AVOID UNNECESSARY PROOF, STIPULATIONS REGARDING AUTHENTICITY OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION OR THINGS, AND THE NEED FOR ADVANCE RULINGS FROM THE COURT ON ADMISSIBILITY OF EVIDENCE:

The Parties expect to cooperate to ensure trial can be expeditious.

g. SUGGESTIONS FOR THE AVOIDANCE OF UNNECESSARY PROOF AND OF CUMULATIVE EVIDENCE:

None.

h. SUGGESTIONS ON THE ADVISABILITY OF REFERRING MATTERS TO A MAGISTRATE JUDGE OR MASTER:

The Parties do not wish to refer the case to a magistrate judge at this time.

i. A PRELIMINARY ESTIMATE OF THE TIME REQUIRED FOR TRIAL:

It is anticipated a jury trial will take one to three days.

j. REQUESTED DATE OR DATES FOR CONFERENCES BEFORE TRIAL, A FINAL PRETRIAL CONFERENCE, AND TRIAL (INDICATE THE PROPOSED MONTH AND YEAR OF TRIAL AND WHETHER JURY OR BENCH TRIAL).

The parties suggest a final pretrial conference in early February 2023 and a jury trial in March 2023.

      k.  ANY OTHER INFORMATION THAT MIGHT BE HELPFUL TO THE COURT IN SETTING THE CASE FOR STATUS OR PRETRIAL CONFERENCE.

      None.

### Discovery Plan

A.  The Parties have made their Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a) on **April 4, 2022.**

B.  Fact discovery should be completed by **September 15, 2022**. There is no need to conduct discovery in phases or to limit/focus discovery on particular issues at this time.

C.  At this time, there are no issues concerning disclosure, discovery, or preservation of electronically stored information.

D.  At this time, there are no issues concerning claims of privilege or protection as to trial preparation materials.

E.  No changes should be made as to the limitations on discovery imposed by the Federal Rules of Civil Procedure or this Court's Local Rules.

F.  Other than the Scheduling Order, which the Parties have submitted with this report and plan pursuant to Local Rule 16.1(b)(3), there are no orders—at this time—that the Court should issue under Federal Rules of Civil Procedure 26(c), 16(b), or 16(c).

G.  The Parties propose the following detailed discovery/pretrial schedule:

On or before **September 1, 2022**, Plaintiff shall furnish opposing counsel with a written list containing the names and addresses of all _expert_ witnesses intended to be called at trial and only those _expert_ witnesses listed shall be permitted to testify. On or before **October 10, 2022**, such experts shall provide reports identifying the method and substance of their expected testimony. Within the three-week period following this disclosure, Plaintiff shall make its experts available for deposition by Defendant and such depositions must be completed by **November 1, 2022**. The experts' depositions may be conducted without further order from the Court. Plaintiff expects expert discovery to be minimal, given the simplicity of the claim for breach due to nonpayment..

On or before **October 1, 2022**, Defendant shall furnish opposing counsel with a written list containing the names and addresses of all _expert_ witnesses intended to be called at trial and only those _expert_ witnesses listed shall be permitted to testify. On or before **November 10, 2022**, such experts shall provide reports identifying the method and substance of their expected testimony. Within the three-week period following this disclosure, Defendant shall make their experts available for deposition by Plaintiff and such depositions must be completed by **December 1, 2022**. The experts' depositions may be conducted without further order from the Court.

On or before **August 1, 2022**, the Parties shall furnish opposing counsel with a written list containing the names and contact information of all witnesses intended to be called at trial and only those witnesses listed shall be permitted to testify unless the Parties stipulate to additions, or the Court grants a motion for such a request.

On or before \_\_\_**September 15, 2022**\_\_\_\_\_, all fact discovery should be completed.

15537613 v6

On or before ___**November 15, 2022**_____, mediation shall occur.

On or before _____**December 31, 2022**, all dispositive motions, such as motions to dismiss, motions for summary judgment, pretrial motions and memoranda of law (except for motions *in limine*), should be filed.

On or before **January 31, 2023** counsel to have conferred in preparation of a pretrial stipulation.

The Parties request a one to three (1-3) day jury trial in the **March 2023** trial period.

A proposed Scheduling Order as required pursuant to Local Rule 16.1(b) is attached hereto as **Exhibit A**.

Dated: April 5, 2022

    Respectfully submitted,

    /s/ *Nicholas J. Secco*
    Nicholas J. Secco
    James E. von der Heydt (*pro hac vice*)
    Florida Bar No. 110091
    BENESCH FRIEDLANDER COPLAN &ARONOFF
    333 West Wacker Drive, Suite 1900
    Chicago, IL 60606
    Telephone: (312) 212-4949
    Facsimile: (312) 212-9192
    Email: nsecco@beneschlaw.com
          jvonderheydt@beneschlaw.com

*Attorneys for Plaintiff The Professional Golfers' Association of America*

    /s/ *Jinhee Kim*
    Jinhee Kim *(pro hac vice*)
    Somin Jun *(pro hac vice)*
    Mary A. Kosman *(pro hac vice)*
    JIPYONG LLC
    26F, Grand Central, 14 Sejong-daero
    Jung-gu, Seoul 04527, Korea
    Telephone: +82-2-6200-1782
    Facsimile: +82-2-6200-0823
    Email: jinheekim@jipyong.com
          smjun@jipyong.com
          marykosman@jipyong.com

*Attorneys for Defendant*

15537613 v6

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 5, 2022, I electronically filed *The Parties Scheduling Conference Report and Discovery Plan* via the Court's CM/ECF filing system which will send notifications of this filing to all counsel of record.

/s/ *Nicholas J. Secco*
Nicholas J. Secco

15537613 v6